IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Albert Broadbent, #26655-050, ) | C/A No.: 0:09-1616-CMC-PJG |
| ) | |
| Petitioner, ) | |
| ) | **ORDER AND** |
| vs. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| Mary Mitchell, Warden Edgefield Satellite ) | |
| Prison Camp, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

The petitioner, Albert Broadbent ("Broadbent"), a self-represented federal prisoner currently housed at the Satellite Prison Camp adjacent to FCI-Edgefield of the Federal Bureau of Prisons ("BOP"), filed this habeas corpus action pursuant to 42 U.S.C. § 2241. This matter comes before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC on the petitioner's motion for default judgment (Docket Entry 15) and motion for a preliminary injunction (Docket Entry 3). In his Petition, Broadbent contends that he is eligible for community confinement placement beyond the forty-five days for which he was approved and that BOP's decision violates the Second Chance Act of 2007, Pub. L. No. 110-199, 122 Stat. 657 (2008).

**DISCUSSION**

**A.     Default Judgment**

On September 1, 2009, Broadbent filed a motion seeking a default judgment against the respondent based on the respondent's failure to respond to his motion for a preliminary injunction. (Docket Entry 15.) Broadbent contends that because the respondent failed to timely respond to his

Page 1 of 6

PJG

motion, a default judgment should be entered. However, a review of this case shows that a default judgment is not appropriate.

First, the court notes that default judgments are not available in habeas actions. Rule 55(a) of the Federal Rules of Civil Procedure provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default." Fed. R. Civ. P. 55(a). However, habeas petitioners should not receive a default judgment under normal circumstances. See Bermudez v. Reid, 733 F.2d 18, 21 (2d Cir. 1984) (reasoning that "were district courts to enter default judgments without reaching the merits of the claim, it would be not the defaulting party but the public at large that would be made to suffer"); see also Gordon v. Duran, 895 F.2d 610, 612 (9th Cir. 1990) ("The failure to respond to claims in a petition for habeas corpus does not entitle the petitioner to a default judgment."); Aziz v. Leferve, 830 F.2d 184, 187 (11th Cir. 1987) (noting that "a default judgment is not contemplated in habeas corpus cases"); Allen v. Perini, 424 F.2d 134, 138 (6th Cir. 1970) ("Rule 55(a) has no application in habeas corpus cases."); Garland v. Warden, 2008 WL 4834597 (D.S.C. 2008) (unpublished). Second, the court further observes that the respondent's time to respond to Broadbent's Petition has not yet elapsed. The alleged failure of the respondent to timely respond to Petitioner's *motion* would not entitle him to a judgment, default or otherwise, in any event. Accordingly, the Petitioner's motion for default (Docket Entry 15) is denied.

**B.      Preliminary Injunction**

In Broadbent's motion for a preliminary injunction, he requests that the respondent be enjoined "from following the 'guidance' of the April 14, 2008 memorandum for Chief Executive

Officers . . . , specifically page four (4), Section III, Paragraph (D)." (Docket Entry 3 at 1.) This paragraph requires approval by the regional director for pre-release community placement beyond six months.

"Preliminary injunctions are not to be granted automatically." Wetzel v. Edwards 635 F.2d 283, 286 (4th Cir. 1980). They are extraordinary remedies afforded prior to trial at the discretion of the district court. A petitioner seeking a preliminary injunction must establish all four of the following elements: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. Winter v. Natural Resources Defense Council, Inc., 129 S. Ct. 365, 374 (2008); The Real Truth About Obama, Inc. v. Federal Election Comm'n, ___ F.3d ___, 2009 WL 2408735, *2 (4th Cir. Aug. 5, 2009), overruling Blackwelder Furniture Co. of Statesville v. Seilig Mfg. Co., 550 F.2d 189 (4th Cir. 1977). A petitioner must make a *clear showing* that he is likely to succeed on the merits of his claim. Winter, 129 S. Ct. at 376; Real Truth, 2009 WL 2408735 at *3. Similarly, he must make a *clear showing* that he is likely to be irreparably harmed absent injunctive relief. Winter, 129 S. Ct. at 374-76; Real Truth, 2009 WL 2408735 at *3. Only then may the court consider whether the balance of equities tips in the petitioner's favor. See Real Truth, 2009 WL 2408735 at *3.[1] Finally, the court must pay particular regard to the public consequences of employing the extraordinary relief of injunction. Real Truth, 2009 WL 2408735 at *3 (quoting Winter, 129 S. Ct. at 376-77).

---

[1] Based on Winter, the Real Truth Court expressly rejected and overruled Blackwelder's sliding scale approach, which allowed a plaintiff to obtain an injunction with a strong showing of a probability of success even if he demonstrated only a possibility of irreparable harm. Real Truth, 2009 WL 2408735 at *3-4; Winter, 129 S. Ct. at 375-76.

PJG

Here, Broadbent has not demonstrated a clear likelihood of success on the merits. The Second Chance Act does not entitle Broadbent to satisfy part of his sentence in community or home confinement. Miller v. Lappin, No. 7:09CV00012, 2009 WL 166873 (W.D. Va. Jan. 26, 2009) (unpublished); see also Woodall v. Federal Bureau of Prisons, 432 F.3d 235, 251 (3d Cir. 2005) (noting that the fact "that the BOP may assign a prisoner to a CCC does not mean that it must"). Federal prisoners may receive a maximum of twelve months under the Second Chance Act, but there is no presumptive minimum. Roman v. Berkebile, No. 3-08-CV-0002-N, 2008 WL 4559825 at *2 n.2 (N.D. Tex. Oct. 6, 2008) (unpublished); see also Bruce v. Apker, No. CV 08-619-TUC-FRZ, 2009 WL 2509170 at *5 (D. Ariz. Aug. 17, 2009) (unpublished) ("The [Second Chance Act] does not mandate a [pre-release] placement of 12-months or prohibit a placement of less than 12-months."). "The decision regarding such placement remains discretionary." Miller, 2009 WL 166873 at *2. While Broadbent may contend that a longer community placement would benefit him, a petitioner "is not entitled to a writ of habeas corpus, simply because he thinks the Bureau of Prisons misjudged his situation, and made a bad decision about when he should be transferred to [a community placement center]." Segovia-Reyna v. Cruz, Civil No. 08-6099, 2009 WL 279482 * 2 (D. Minn., Feb. 4, 2009).

Moreover, Broadbent seeks to enjoin the respondent from following a paragraph in a memorandum that requires regional director approval for pre-release placement in excess of six months. Broadbent was approved for forty-five days. There is simply no indication or even allegation that an injunction forbidding the respondent from following this guidance would result in Broadbent's being approved for additional time in community confinement.

Significantly, Broadbent also cannot justify the public harm that would occur if the court were to usurp BOP's decision making regarding community placement. See Real Truth, 2009 WL 2408735 at *3 (discussing the importance of the public interest requirement). Congress has vested BOP with the authority to determine the parameters of pre-release community confinement, such as location and duration. See 18 U.S.C. § 3624(c); 28 C.F.R. §§ 570.20-.22. Further, the Supreme Court has repeatedly stressed the need to provide wide-ranging deference to prison administrators in matters of prison management. Beard v. Banks, 548 U.S. 521, 528(2006); Overton v. Bazzetta, 539 U.S. 126, 131-32 (2003). For the foregoing reasons, Broadbent has not demonstrated the requirements to obtain a preliminary injunction.

## ORDER

For the reasons discussed above, Broadbent's motion for default judgment (Docket Entry 15) is denied.

## RECOMMENDATION

Broadbent has failed to demonstrate the four required elements for a preliminary injunction. Therefore, Broadbent is not entitled to the extraordinary remedy of injunctive relief. Accordingly, the court recommends that the petitioner's motion for a preliminary injunction (Docket Entry 3) be denied.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

September 8, 2009
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the district judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985).