IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Albert Broadbent, #26655-050, | C/A NO. 0:09-1616-CMC-PJG |
| Petitioner, | |
| | **ORDER** |
| v. | |
| Mary Mitchell, Warden, Edgefield Satellite Prison Camp, | |
| Respondent. | |

This matter is before the court on Petitioner's *pro se* application for relief, filed in this court pursuant to 28 U.S.C. § 2241.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(c), DSC, this matter was referred to United States Magistrate Judge Paige Jones Gossett for pre-trial proceedings and a Report and Recommendation ("Report"). On September 8, 2009, the Magistrate Judge issued an Order and Report and Recommendation (Dkt. # 21) wherein Petitioner's motion for default judgment was denied and it was recommended that the motion for preliminary injunction be denied. The Magistrate Judge advised Petitioner of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. Petitioner has filed no objections and the time for doing so has expired.

The Magistrate Judge ordered that Petitioner's motion for default judgment be denied. Dkt. # 21. For the reasons noted below, the court treats the Magistrate Judge's order as a Report and Recommendation that the motion for default judgment should be denied.

Title 28, United States Code Section 636 delineates the statutory authority granted United States Magistrate Judges. Section 636(b)(1)(A) provides that

> a judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action.

Section 636(b)(1)(B) provides that on these type of motions, a district judge may designate a Magistrate Judge to "submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court, of any motion excepted in subparagraph (A) . . . ." 28 U.S.C. § 636(b)(1)(B).

The statute does not list a default judgment motion as one which may only be addressed by Report and Recommendation. However, the statutory list is nonexhaustive and some courts have construed unlisted motions which are functionally equivalent to those listed in § 636(b)(1)(A) as being dispositive. *See*, *e.g.*, *Vogel v. U.S. Office Prods. Co.*, 258 F.3d 509, 515 (6th Cir. 2001). Thus, this court must analyze the motion's potential effect on litigation to determine whether a particular motion is dispositive. *Id*. at 514-15.

Petitioner's motion for default judgment seeks "[j]udgment in favor of the Petitioner pursuant to Rule 55 . . . on the basis of the undisputed facts in the Motion for Preliminary Injunction and the undisputed facts in the Petition for Writ of Habeas Corpus." Mot. at 1 (Dkt. # 15, filed Sept. 1, 2009). The effect of granting this motion would be to grant the relief requested by Petitioner in his petition and motion for preliminary injunction, which would be dispositive of the issues in this petition. Therefore, the court finds that Petitioner's motion for default judgment operates as the functional equivalent of a dispositive motion and therefore treats the Magistrate Judge's Order as a Report and Recommendation.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court.

*See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The court reviews the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") (citation omitted).

After reviewing the record of this matter, the applicable law, and the Report and Recommendation of the Magistrate Judge,[1] the court agrees with the conclusions of the Magistrate Judge. Accordingly, the court adopts and incorporates the Report and Recommendation by reference in this Order. Petitioner's motions for default judgment and preliminary injunction are hereby **denied**.

This matter shall be recommitted to the Magistrate Judge for further proceedings.

**IT IS SO ORDERED.**

                                           s/ Cameron McGowan Currie
                                           CAMERON MCGOWAN CURRIE
                                           UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
November 3, 2009

---

[1] As noted above, Petitioner did not file objections to the Report.

3