IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Albert Broadbent, #26655-050,<br><br>      Petitioner,<br><br>vs.<br><br>Mary Mitchell, Warden Edgefield Satellite Prison Camp,<br><br>      Respondent. | C/A No.: 0:09-1616-CMC-PJG<br><br>**REPORT AND RECOMMENDATION** |

The plaintiff, Albert Broadbent ("Broadbent"), a self-represented federal prisoner who at the time he filed his Petition was housed at the Satellite Prison Camp adjacent to FCI-Edgefield, a facility of the Federal Bureau of Prisons ("BOP"), filed this habeas corpus action pursuant to 42 U.S.C. § 2241. In his Petition, Broadbent contends that he is eligible for community confinement placement[1] beyond the forty-five days for which he was approved. He maintains that BOP's decision violates the Second Chance Act of 2007, Pub. L. No. 110-199, 122 Stat. 657 (2008). This matter comes before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC.

At the time Broadbent filed his Petition, he was serving a sentence of one year and one day for conspiracy to transport stolen goods (18 U.S.C. § 371) and income tax evasion (26 U.S.C. § 7201). (See SENTRY Sentence Computation, Docket Entry 26-1.) Broadbent began serving his term on January 15, 2009 and was approved for forty-five days of home confinement placement

---

[1] The court notes that on March 31, 2006, the BOP Executive Staff approved changing the name from "Community Corrections Center" ("CCC") to "Residential Reentry Center" ("RRC") to provide a clearer description of the services and programs offered, to associate community based programs with other reentry initiatives being implemented around the country, and to clearly differentiate community based programs from correctional facilities.

effective October 15, 2009.[2]  Based on the filings in this matter, it appeared that Broadbent's anticipated release date was November 28, 2009.[3]

On May 5, 2010, the court ordered the parties to file briefs with the court on or before May 19, 2010 addressing whether this matter is moot and whether there is any meaningful relief that this court can provide. (Docket Entry 52.)  In response, the respondent provided the court with Broadbent's history of admissions and releases, indicating that Broadbent's sentence actually expired on November 27, 2009.  Therefore, the respondent argued that this matter is moot and that there is no further relief that this court can provide. (See Docket Entry 54) (citing Laor v. Fed. Bureau of Prisons, 340 Fed. Appx. 771, 772 (3d Cir. 2009) (unpublished) and Demis v. Sniezek, 558 F.3d 508, 516 (6th Cir. 2009) (stating that petitioner's transfer to RRC while a habeas decision is pending moots the petition) and Elwood v. Sanders, 152 Fed. Appx. 558 (8th Cir. 2005) (unpublished) (same)).  Broadbent filed no response to the court's order.

It appearing that there is no further relief that this court can provide, the court recommends that this matter be dismissed as moot.  In light of the court's recommendation, the court also recommends terminating all pending motions.  (Docket Entries 24, 25, 26, 29, 30, 41, & 50.)

                                                          */s/ Paige J. Gossett*
Paige J. Gossett

May 20, 2010                                UNITED STATES MAGISTRATE JUDGE
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

---

[2] Broadbent was sentenced in the United States District Court for the District of New Jersey. (Docket Entry 26-1.)  Broadbent subsequently was approved to have his release designation changed to the Northern District of Georgia to enable him to reside with his family.  (Docket Entry 26-5.)

[3] In light of this, the court addressed Broadbent's motion for a preliminary injunction by order dated November 3, 2009.  (Docket Entry 48.)

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).